UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| CHERYL L. JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 09-2252 |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

On March 26, 2009, this Court remanded this case to the Social Security Agency (hereinafter "SSA") pursuant to sentence four of 42 U.S.C. § 405(g). Without remanding the case to a hearing office for further proceedings, the Appeals Council reviewed the case based on the existing record. On August 7, 2009, the Appeals Council denied Plaintiff Cheryl Jenkins' application for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI"), for the time period of August 23, 2000, to June 25, 2004.

In October 2009, Plaintiff filed a Complaint (#3) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the Appeals Council's decision to deny social security benefits. In June 2010, Plaintiff filed a Motion for Summary Judgment (#16). In July 2010, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#18). After reviewing the administrative record and the parties' memoranda, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#16).**

## I. Background
### A. Procedural Background

Plaintiff filed an application for DIB and SSI benefits on March 28, 2001, alleging an onset date of August 23, 2000. The SSA denied her application initially and on reconsideration. Plaintiff filed new applications for DIB and SSI benefits on May 13, 2002, alleging the same onset date. This application was also denied initially and upon reconsideration. At Plaintiff's

request, ALJ Richard Boyle held a hearing on February 5, 2004. Plaintiff was represented by counsel. On August 16, 2007, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Plaintiff sought judicial review, and on March 26, 2009, this Court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Then, without remanding the case to the hearing office for further proceedings, the Appeals Council reviewed the case based on the existing record and issued an unfavorable decision on August 7, 2009. This is the final decision of the Commissioner, and the opinion that this Court now reviews, pursuant to 42 U.S.C. § 405(g). The parties have consented to the exercise of federal jurisdiction by a United States Magistrate Judge.

During this process, Plaintiff filed a third application for benefits. This application was denied initially and upon reconsideration. ALJ Kenneth Stewart held a hearing on June 26, 2008. A medical expert testified that Plaintiff had severe degenerative arthritis in both ankles, and that this in combination with other conditions was equivalent to Listing 1.02. (R. 614.) ALJ Stewart issued a bench decision, formalized on July 3, 2008, finding that Plaintiff was disabled as of the day after ALJ Boyle's decision, June 26, 2004. Therefore, because the Commissioner has determined that Plaintiff became disabled on June 26, 2004, this present appeal deals only with the question of whether there is substantial evidence for the Commissioner's determination that Plaintiff was not disabled between August 23, 2000, and June 25, 2004.

### B. Factual Background

Plaintiff suffered an accident at work in May 1998 that fractured both of her ankles. In March 2001, she applied for disability benefits based on "two broken ankles," and explained she experienced pain and swelling in her ankles that caused her to be absent from work frequently, and that she had been terminated from her last job due to poor attendance. (R. 102.) Plaintiff was forty-five years old on her alleged disability onset date, and she has a high school education. She is 5'9", and weighed between 270 and 312 pounds. ALJ Boyle determined that Plaintiff had severe impairments of obesity, hypertension, and residuals of bilateral ankle fractures. The Appeals Council adopted this finding.

ALJ Boyle determined that, despite Plaintiff's impairments, she had the residual functional capacity (hereinafter "RFC") in the relevant time period to perform light work, limited to occasional climbing, stooping, balancing, kneeling, crouching, and crawling. The ALJ determined this prevented Plaintiff from performing any of her past relevant work, including work as a forklift/truck driver, warehouse worker, pumper, labeler, and bagger. However, because the ALJ found that Plaintiff could perform a broad range of light work, the ALJ denied benefits on the basis that there was work in the national economy that Plaintiff could perform. The Appeals Council adopted this finding.

## II. Standard of Review

To be found eligible for social security disability insurance and supplemental income, a claimant must show that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that is expected to result in death or that has lasted, or can be expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 416(i)(1).

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

### III. Preliminary Issue

As a preliminary matter, the Court will review its initial basis for remand and determine whether the decision by the Appeals Council corrected the errors in ALJ Boyle's opinion. In its Report and Recommendation, this Court improvidently included an instruction that "on remand, the ALJ be directed to have Plaintiff's physician examine Plaintiff to assess her physical functional limitations." (#24, p. 10.) Of course, by the time this Court included that instruction in 2009, the Commissioner had already determined that Plaintiff had been disabled since 2004, and such an examination to determine Plaintiff's functional limitations from 2000 to 2004 would not be possible.

However, as discussed at length in this Court's prior Report and Recommendation, the Court was primarily concerned with flawed articulation in ALJ Boyle's decision. An ALJ must explain and support how he determined a claimant's limitations in formulating an RFC. *Briscoe v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). Without a coherent explanation of the basis of an ALJ's decision, this Court simply cannot carry out its duties in reviewing the decision. Furthermore, where a claimant is found disabled but it is necessary to decide whether the disability arose at an earlier date, the ALJ is required to consider the claimant's RFC during the time period in question and to explain how he arrived at these conclusions. *Id.*; *see also* SSR 83-20 (citing factors an ALJ should consider in determining onset in disabilities of nontraumatic origin, which would apply to Plaintiff's severe degenerative arthritis in both ankles).

The Appeals Council's decision does not recognize the ALJ's error, but nevertheless corrects this Court's concerns regarding articulation. ALJ Boyle rejected the opinions of unnamed "State Agency physicians." The Court inferred that the ALJ had rejected the opinions of consultive examiners Drs. Patel and Yalamanchili, but that even if he had relied on them, those reports were deficient for failing to discuss Plaintiff's functional limitations. The Appeals Council determined that ALJ Boyle had actually stated that he rejected the opinions of

4

Drs. Gotanco, Bilinksy, and Graham, but then ALJ Boyle relied on those opinions anyway. (R. 327-28.) Of course, accepting the Appeals Council's interpretation of ALJ Boyle's opinion, this would still be flawed articulation requiring remand.

Fortunately, the Appeals Council provided further discussion that resolves this Court's initial concerns. The Appeals Council determined that Plaintiff was not disabled during the relevant time period. In so finding, the Appeals Council relied on medical opinions regarding functional limitations from Dr. Yalamanchili, dated 2002 and 2004; and Dr. Nenaber, dated 2005. The Appeals Council notes that Dr. Nenaber, a State Agency reviewer, determined that Plaintiff could perform light work, with occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds. The Appeals Council further notes that Dr. Yalamanchili, a State Agency physician, determined that Plaintiff had full capacity for walking, standing, sitting, bending, pushing, and pulling. This Court finds that the Appeal Council's decision in this regard is properly articulated and supported by substantial evidence. Therefore, the Court's concerns that were the basis for its remand have been resolved.

Plaintiff objects that the reports from Dr. Yalamanchili and Dr. Nenabar were not included in the record stemming from Plaintiff's first two applications. Instead, these materials were drawn from Plaintiff's third application for benefits. However, the SSA may consider anything submitted to it or that it obtains related to a claim. 20 C.F.R. § 404.1512(b). Furthermore, the Record before this Court now includes all medical records and other documents related to all of Plaintiff's applications. This Court finds it was not improper for the SSA to look to documents from Plaintiff's later application to resolve an issue from Plaintiff's prior application.

Having determined that its concerns that were the initial basis for remand have been satisfactorily resolved, this Court will now consider Plaintiff's arguments that relate to the decision by the Appeals Council**.**

5

## IV. Discussion

Plaintiff argues the Appeals Council erred in (1) determining that Dr. Rosch's testimony that Plaintiff met Listing 1.02 after June 2004 was not persuasive with respect to Plaintiff's condition from August 2000 to June 2004; (2) failing to properly consider a report by Dr. Baukus indicating Plaintiff had mental limitations; (3) finding that Plaintiff was capable of light work from August 2000 to June 2004; and (4) relying on Medical Vocational Guidelines Rule 202.21 to determine that there was work in the national economy that Plaintiff could perform.

### A. Dr. Rosch's Testimony Regarding Listing 1.02

Plaintiff argues the Appeals Council erred in determining that Dr. Rosch's testimony, regarding whether Plaintiff met Listing 1.02, was not persuasive with respect to Plaintiff's condition from August 2000 to June 2004. At Plaintiff's second hearing with ALJ Stewart, Medical Expert Dr. Laura Rosch testified that as of June 26, 2004, Plaintiff's condition was equivalent to Listing 1.02(a) due to severe degenerative arthritis in both ankles, loss of range of motion, chronic pain, and obesity. ALJ Stewart issued a bench decision finding that Plaintiff is disabled, with an onset date of June 26, 2004.

Plaintiff argues that, given the lack of any other medical consultant's opinion, the Appeals Council violated 20 C.F.R. § 404.1526 by determining that Dr. Rosch's testimony did not refer back to 2000 through 2004. That regulation requires the Commissioner to consider "the opinion given by one or more medical consultants designated by the Commissioner" in determining whether a claimant's impairment is medically equivalent to a listing.

Here, the ALJ specifically directed Dr. Rosch to opine whether Plaintiff's condition was equivalent to Listing 1.02 after June 2004. (R. 614.) Thus, Dr. Rosch did not offer any opinion as to whether Plaintiff's condition was equivalent to Listing 1.02 prior to June 2004. Furthermore, the Appeals Council relies on the lack of functional limitations during this time period noted by Dr. Yalamanchili and Dr. Nenaber. Thus, this Court concludes that the Appeals Council did not err in determining Dr. Rosch's opinion was not persuasive with respect to

Plaintiff's condition from 2000 to 2004, and there is substantial evidence for the Council's determination that Plaintiff did not meet the listing at that time.

### B. Dr. Baukus's Report Regarding Mental Limitations

Plaintiff argues the Appeals Council erred in ignoring the report of Dr. Baukus. Plaintiff notes that, in the Appeals Council's decision to deny Plaintiff benefits for the period of August 2000 to June 2004, the Appeals Council relied on evidence from Plaintiff's separate, subsequent application. Plaintiff argues that, if the Appeals Council is going to consider the materials in the subsequent application, it must consider all of the materials in that application, and not cherry-pick only portions of that record that support its conclusion.

Dr. Baukus conducted a one-hour psychological examination of Plaintiff in December 2004, and diagnosed her with chronic pain syndrome, major depression, and anxiety. (R. 470-75.) Dr. Baukus's report post-dates the time period relevant to the Court's inquiry. The Appeals Council did not reference this examination.

Plaintiff's argument that the Appeals Council must consider Plaintiff's mental limitations is beyond the scope of this Court's remanding order. In remanding this case, this Court was concerned with Plaintiff's physical functional limitations. Any reconsideration of Plaintiff's RFC based upon mental limitations resulting from depression or anxiety is beyond the scope of remand. *See Galdean v. Barnhart,* 46 Fed.Appx. 920, 923 (10th Cir. 2002) (not reported) (finding an ALJ did not err in refusing to hear testimony on a matter unrelated to the scope of remand). Furthermore, Plaintiff's counsel informed the ALJ at Plaintiff's February 2004 hearing that it was not necessary for the ALJ to order a psychological evaluation. (R. 321.) Thus, the Appeals Council did not err in failing to address evidence of Plaintiff's mental limitations.

### C. Plaintiff's Ability to Perform Light Work

Plaintiff argues that the Appeals Council erred in finding that Plaintiff was capable of light work from August 2000 to June 2004. In arguing that the Appeals Council's RFC

determination was erroneous, Plaintiff suggests that if the Appeals Council had properly considered the opinions of Dr. Rosch and Dr. Baukus, the Appeals Council would have been likely to conclude that Plaintiff's combination of impairments would reasonably preclude her from performing light work.

As this Court has already discussed, the Appeals Council did not err with respect to its consideration of the opinions of Dr. Rosch and Dr. Baukus. Furthermore, the Appeals Council conducted a thorough review of the medical evidence that relates to Plaintiff's physical functional limitations. The Appeals Council especially relied on the findings of Dr. Yalamanchili and Dr. Nenaber. Therefore, this Court finds that the Appeals Council's conclusion that Plaintiff could perform light work in the relevant time period is supported by substantial evidence.

### D. Applicability of Medical Vocational Guidelines Rule 202.21

Plaintiff argues that the Appeals Council erred in relying on the Medical Vocational Guidelines Rule 202.21. Rule 202.21 establishes that a younger individual, who is a high school graduate, and who can perform light work, is not disabled. The Appeals Council noted that here, Plaintiff's exertional and nonexertional impairments did not allow her to perform the full range of light work, but it determined the grid rule was still applicable because there were a significant number of jobs in the national economy which Plaintiff could perform. Plaintiff argues that it was legal error for the Appeals Council to rely on this grid rule because Plaintiff's limitations related to concentration and attention made the grid rule inapplicable. Notably, the record does not contain vocational expert testimony, though a report in the record provides a representative list of jobs that Plaintiff could perform. (R. 467.)

Applicable regulations provide that, when the Agency determines that unskilled jobs at the light exertional level exist in the national economy, it will take administrative notice of reliable job information available from various publications, such as the DOT. 20 C.F.R. § 404.1566(d). A vocational expert will be utilized where there is a question regarding

8

transferability of skills, or where there is a similarly complex issue. The Agency will decide whether to use a vocational expert or other specialist. 20 C.F.R. § 404.1566(e).

Here, Dr. Nenaber, a State Agency reviewer, determined that Plaintiff could perform light work, with occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds. Dr. Nenaber's report thus indicates that Plaintiff can perform almost the entire range of light work. Furthermore, the RFC adopted by the Appeals Council does not include any mental limitations. Under these circumstances, this Court finds that the Appeals Council did not err in relying on Grid Rule 202.21, rather than obtaining testimony from a vocational expert to confirm that there was work in the national economy that Plaintiff could perform.

### V.  Summary

For the reasons stated above, this Court **DENIES** Plaintiff's Motion for Summary Judgment **(#16)**.

ENTER this 24th day of November, 2010.

                                                s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE